FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ [illegible] 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK

-against-

SHARON PITTER EL,

Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-4091 (KAM)

MATSUMOTO, United States District Judge.

On August 15, 2012, defendant Sharon Pitter El filed this *pro se* notice of removal, seeking to remove a pending criminal action against her from the Criminal Court of the City of New York, Queens County, to this court. The court grants defendant's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

For the reasons set forth below, the court *sua sponte* determines that removal is inappropriate and directs the Clerk of Court to remand the action to Criminal Court of the City of New York, Queens County.

## BACKGROUND

The instant criminal prosecution arose out of defendant's arrest in Queens County, on an unspecified date, for obstruction of governmental administration in the second degree (N.Y. Penal L. 195.05); resisting arrest (N.Y. Penal L. 205.30); and disorderly conduct ((N.Y. Penal L. 240.20-1). (ECF No. 1, Notice of Removal, at 5-6.) Defendant's basis for removal to this court appears to be based upon her allegations that: (1) her constitutional rights are being violated in connection with the Queens County Criminal Court proceeding and (2) as a Moorish American National, defendant is not subject to the jurisdiction of the Queens County Criminal Court. (*See generally* Notice of Removal.) In addition to seeking removal of her criminal prosecution, defendant seeks monetary damages from the Queens County Criminal Court and the

police officers who allegedly arrested her. (*Id.* at 15-16.)

**DISCUSSION**

Title 28, Section 1443, of the United States Code ("Section 1443") provides for the removal of a civil action or criminal prosecution from state court to federal court, if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

A petition for removal under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.* Second, it must appear on the face of the notice "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* (quoting *Rachel,* 384 U.S. at 799, 803); *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 68-69 (E.D.N.Y. 2010).

Here, defendant has failed to allege a proper basis for removal under Section 1443(1). She does not allege a civil rights violation "in terms of racial equality," as is required to remove a criminal action to federal court. Moreover, defendant fails to allege that she would be precluded from enforcing her constitutional rights in state court.

In addition, defendant's suggestion that as a member of the "Moorish-American" nation she is immune from the laws of the City and State of New York is misguided. *Cf. Bey v.*

*Bailey*, No. 09 Civ. 8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010 ) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit and cannot be the basis for habeas relief); *Allah El v. Dist. Attorney for Bronx Cnty.*, No. 09 Civ. 8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence.").

Further, a notice of removal of a criminal prosecution must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must include "all the grounds for such removal." 28 U.S.C. § 1455(b)(l)-(5). Here, defendant's notice of removal is untimely, as the court takes judicial notice that defendant's first court appearance in Queens Criminal Court was on January 28, 2012.[1]

Finally, to the extent that defendant challenges the State's authority to prosecute her and seeks this court's intervention, the court will not intervene in an ongoing state criminal matter. *See Younger v. Harris,* 401 U.S. 37, 43-45 (1971) (in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); *Shelley v. Gulotta,* No. 09 CV 4883, 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying *Younger* abstention because "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

**CONCLUSION**

Accordingly, the notice of removal is denied and the action is hereby remanded to

[1] Records indicate that defendant was issued a summons on January 27, 2012, that her first court appearance was on January 28, 2012, and that her next court appearance is scheduled for September 21, 2012. *See* http://iapps.courts.state.ny.us/webcrim_attorney. (Last visited September 4, 2012.)

Criminal Court of the City of New York, Queens County. 28 U.S.C. § 1455 (b)(4). The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, Queens County, note service on the docket, and close this case. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
September 4, 2012